# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

Plaintiff,

v.                                    Case No. 20-CR-216

JAMES PATRICK QUINN,

Defendant.

## ORDER

Currently before the court is the motion of defendant James Patrick Quinn to remove electronic monitoring as a condition of his pretrial release. (ECF No. 17.)

Quinn appeared initially in the Northern District of Ohio and was released on a $20,000 unsecured bond subject to various conditions, including location monitoring (the specific type to be determined by his supervising officer). (ECF No. 3 at 12.) On March 11, 2021, Pretrial Services requested location monitoring be removed as a condition of his release. (ECF No. 16.) The court denied the request the same day. (ECF No. 16.)

On March 15, 2021, Quinn filed the present motion. (ECF No. 17.) The government opposes the motion. (ECF No. 19.) Quinn has replied. (ECF No. 20.)

Quinn is charged in relation to the burglary of a jewelry store that resulted in the theft of over $7 million in property. The offense was unusually sophisticated in that it involved disabling the business's alarm system and obtaining access to the store's vault. To commit this offense Quinn is alleged to have traveled from Ohio, where he is known to law enforcement as a "professional burglar[]" (ECF No. 1, ¶ 12), a characterization borne out by his criminal history.

A defendant is entitled to pretrial release subject to the least restrictive conditions necessary to "reasonably assure the appearance of the person as required and the safety of any other person and the community …." 18 U.S.C. § 3142(c)(1)(B). The sophistication of the alleged offense and Quinn's criminal history strongly suggest that Quinn poses a danger to the community. Quinn also poses a risk of flight. That was notably manifested when, confronted by case agents, he fled, which is especially concerning given that he was on federal probation at the time. (ECF No. 1, ¶ 14.)

The government also alleges that Quinn has international connections and had expressed an interest in fleeing the country. While the court has but a sliver of the facts in this case, the nature of the offense is itself concerning. A person who steals $7 million in jewelry does not just walk into his local pawn shop to sell it. A theft of this scale tends to suggest the existence of a network capable of converting the jewelry into cash, and there is a concern that such a network may also be capable of fostering Quinn's flight. Moreover, there is no indication that any of the stolen property has been recovered, thus

2

leading to a concern that the unrecovered jewelry (or the proceeds from its sale) could be used to fund Quinn's flight.

Under all of the circumstances, notwithstanding Quinn's compliance thus far while on pretrial supervision, GPS monitoring remains necessary to reasonably assure Quinn's appearance and the safety of the community.

**IT IS THEREFORE ORDERED** that James Patrick Quinn's "Motion to Remove Electronic Monitoring Condition of Bail" (ECF No. 17) is **denied**.

Dated at Milwaukee, Wisconsin this 29th day of March, 2021.

William E. Duffin
_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge